BISMARCK WATER SUPPLY COMPANY, a Corporation v. THE
COUNTY OF BURLEIGH IN THE STATE OF NORTH
DAKOTA, a Public Corporation.

(161 N. W. 1009.)

**Pleading — complaint — statutory action — adverse claims — brought to de-
termine — specific claims — made by defendants — set forth in — not
demurrable.**

1. A complaint which contains all the material allegations required in a
complaint in a statutory action to determine adverse claims, and in addition
thereto sets forth the specific interests claimed therein by the defendant,
and reasons showing such interests to be invalid is not demurrable.

**Courts — powers of — relief to be granted — taxes — collection or annulment
— actions for — taxation — partial — unfair — unequal.**

2. Under the provisions of § 2201, Compiled Laws 1913, the courts are
vested with powers to grant relief, in an action or proceeding to collect or
annul taxes, or in an action to determine adverse claims, against partial,
unfair, or unequal assessments.

**Void taxes — sale on — land bid in by county — action — to cancel and annul
— taxes — tax sale.**

3. When lands have been offered for sale and bid in by a county for void
taxes, an action lies against the county to cancel and annul the taxes and
tax sales.

Opinion filed March 6, 1917.

Appeal from the District Court of Burleigh County, Hon. *W. L.
Nuessle,* Judge.

Affirmed.

*H. R. Berndt,* State's Attorney for Burleigh county, for appellant.

This action is in the nature of an action to determine adverse claims
to real property.   But the complaint, instead of requiring defendant
to "set forth all its adverse claims to the property, and that the validity,
superiority, and priority thereof be determined," contains allegations
as for an action in "accord and satisfaction."   Comp. Laws, 1913,
Code Civ. Proc. chap. 31, Comp. Laws, 1913, art. 6, chap. 54.

There is a misjoinder of causes and the demands for relief are wholly

and manifestly inconsistent.   Golden Valley Land & Cattle Co. v. Johnstone, 21 N. D. 97, 128 N. W. 690.

It is true that a demurrer only reaches defects appearing on the face of the complaint or pleading to which it is directed.   But we believe that by demurrer a party denies the legal sufficiency of the facts stated by his adversary.   In other words, its function is to place in dispute the legal operation of the facts stated.   Burnett v. Costello, 15 S. D. 89, 87 N. W. 575.

Plaintiff has put into its complaint matters which might properly have been pleaded by way of reply, and has therefore made its complaint demurrable.   Calvo v. Davies, 73 N. Y. 211, 29 Am. Rep. 130 ; Dorsey v. Columbus R. Co. 121 Ga. 697, 49 S. E. 698 ; Clough v. Goggins, 40 Iowa, 325 ; Favre v. Louisville & N. R. Co. 91 Ky. 541, 16 S. W. 370 ; Behrley v. Behrley, 93 Ind. 255 ; Knauss v. Lake Erie & W. R. Co. 29 Ind. App. 216, 64 N. E. 95 ; Matlock v. Mallory, 19 Ala. 694 ; Renfro v. Heard, 14 Ala. 23, 48 Am. Dec. 82.

County boards of equalization have no jurisdiction to correct individual valuations made by city boards.   First Nat. Bank v. Lewis, 18 N. D. 390, 121 N. W. 836 ; Minot v. Amundson, 22 N. D. 236, 133 N. W. 551.

Neither are courts the instruments to review an assessment for taxes. George C. Bagley Elevator Co. v. Butler, 24 S. D. 429, 123 N. W. 866.

The plaintiff's own pleading shows an attempt to impeach the record upon which the pleading itself is based.   Hoffheimer v. Stiefel, 17 Misc. 236, 39 N. Y. Supp. 715.

"Taxes due from any person upon personal property shall be a lien upon any and all real estate and personal property owned by him at the time the tax became due."   Comp. Laws, 1913, § 2186 ; Rochford v. Fleming, 10 S. D. 24, 71 N. W. 317.

*Miller, Zuger & Tillotson,* for respondents.

(Mr. *George E. Wallace,* of the State Tax Commission, by special permission, filed a brief on behalf of the state, the City of Bismarck, and school district.)

Any person aggrieved by the manner in which his property is assessed, or by the unfair and unequal and partial action of the taxing powers, may maintain an action in the District Court to remove the cloud

on his land and cancel unlawful taxes on the same, and he is not required, before doing so, to go before any board to seek relief.    Minot v. Amundson, 22 N. D. 241, 133 N. W. 551.

County commissioners have the right to adjust and compromise disputed taxes, and to make settlement thereof.    Rev. Codes 1895 and 1899, § 1907; Rev. Code 1905, § 2401, Comp. Laws 1913, §§ 2165, 3276; Hagler v. Kelly, 14 N. D. 218, 103 N. W. 629; Farnsworth v. Wilbur, 19 L.R.A.(N.S.) 320–323, note; Brown County v. Jenkins, 11 S. D. 330, 77 N. W. 579; State v. Davis, 11 S. D. 111, 74 Am. St. Rep. 780, 75 N. W. 897; Farnham v. Lincoln, 75 Neb. 502, 106 N. W. 666; Washburn County v. Thompson, 99 Wis. 585, 75 N. W. 309; Collins v. Welch, 58 Iowa, 72, 43 Am. Rep. 111, 12 N. W. 121.

This rule applies to corporations and individual alike.    Gering v. School Dist. 79 Neb. 219, 107 N. W. 250.

The compromise of a controversy is valid, not because it is the settlement of a valid claim, but because it is the settlement of a dispute. Flannagan v. Kilcome, 58 N. H. 443; City Electric R. Co. v. Floyd County, 115 Ga. 655, 42 S. E. 45; Perkins v. Trinka, 30 Minn. 241, 15 N. W. 115; Hall v. Wheeler, 37 Minn. 522, 35 N. W. 377; Mills v. Miller, 2 Neb. 299; Neibles v. Minneapolis & St. L. R. Co. 37 Minn. 151, 33 N. W. 332.

The compromise of a dispute over a doubtful claim is a sufficient consideration to support a promise or a contract.    Crans v. Hunter, 28 N. Y. 389; Melcher v. Insurance Co. 97 Me. 512, 55 Atl. 411; Blake v. Peck, 11 Vt. 483; Johnson v. Redwine, 98 Ga. 112, 25 S. E. 924; Lee v. Swilling, 68 Ark. 82, 56 S. W. 447; Dickey v. Jackson, 47 Or. 531, 84 Pac. 701; Gates v. Shutts, 7 Mich. 127.

In this case there was a settlement and full performance by both the water company and the county, and both are bound.    Adams v. Crown Coal & Tow Co. 198 Ill. 445, 65 N. E. 97; Stapilton v. Stapilton, 1 Atk. 2, 26 Eng. Reprint, 1, 12 Eng. Rul. Cas. 100; Daly v. Busk Tunnel Co. 64 C. C. A. 87, 129 Fed. 513; McClure v. McClure, 100 Cal. 339, 34 Pac. 822; Smith v. Smith, 36 Ga. 184, 91 Am. Dec. 761; Bement v. May, 135 Ind. 664, 34 N. E. 327, 35 N. E. 387.

Such agreements, adjustments, and compromises find favor with the courts.    Doyle v. Donnelly, 56 Me. 26; Sigsworth v. Coulter, 18 Ill.

204; Stoddard v. Mix, 14 Conn. 12; Flannagan v. Kilcome, 58 N. H. 443; Norton Bros. v. Eastman, 83 Ill. App. 303; McClure v. McClure, 100 Cal. 339, 34 Pac. 822.

A voluntary compromise of conflicting claims will not be set aside or disturbed in the courts merely because the parties may have acted upon a mistake in the law. Stover v. Mitchell, 45 Ill. 213; Collins v. Welch, 58 Iowa, 72, 43 Am. Rep. 111, 12 N. W. 121.

Robinson, J. This is an appeal from a judgment of the district court of Burleigh County on an order overruling a demurrer to a complaint in an action to cancel a void tax. The complaint shows that in the years 1901 to 1905, inclusive, the plaintiff was the owner of a system of waterworks and that there was connected with the water mains of plaintiff a line of water mains extending to the state penitentiary, and another line, which belonged exclusively to the state and was used to supply water in the penitentiary and the capitol. That in said years the defendant caused the valuation of said 3 miles of water mains to be added to the valuation of the plaintiff's personal property. On this false valuation there was assessed and levied against the property of the plaintiff the sum of $4,416.79, which included $1,416.79 on the valuation of said 3 miles of water mains which belonged to the state. Then plaintiff appealed for relief to the county commissioners and appealed to the district court from an order of the commissioners denying it a just abatement of such illegal tax. While the appeal was pending, the plaintiff and the defendant compromised the matter. The plaintiff agreed to pay and did pay the sum of $3,000 in full discharge of the taxes levied against it, and the defendant agreed to abate and cancel the illegal tax. The defendant failed to perform its agreement and caused the void tax to be extended on the tax list against the real property of the plaintiff, which was advertised and bid in by the county for the amount of such void tax, with interest, penalty, and cost. Of course, the demand of the complaint is that the void taxes and tax sale be canceled.

As the stated facts show beyond question that the taxes and tax sales were void, the complaint does state a good cause of action. Indeed, the plaintiff had a good cause of action without applying to the commissioners for any reduction of the assessment. The case does not

involve any question of compromising a tax, or of an accord and satisfaction. It is merely a suit to declare that a void tax is void.

In reading the decisions of this court and the statutes of the state it must be remembered that under the Constitution every man has a remedy by due process of law for all injuries done him in his person or property. He does not have to run all round Robin Hood's barn. He may demand of the courts right and justice, without sale, denial, or delay.

It is needless to waste time in reviewing decisions on so simple a matter. The order overruling the demurrer and the judgment are affirmed.

CHRISTIANSON, J. (concurring specially). I concur in the conclusion reached by Mr. Justice Robinson, but as I do not care to express any opinion upon some of the matters discussed by him, I deem it desirable to set forth the reasons why I believe the judgment appealed from should be affirmed.

The plaintiff brings this action to cancel certain tax sale certificates against certain parcels of land in Burleigh county. The complaint contains all the material allegations required in a complaint in a statutory action to quiet title. The only departure from such complaint is that in the instant case the complaint not only alleges that the defendants claim a certain estate, or interest in, or lien or encumbrance upon, the property, but further alleges the nature of the alleged interest or lien so claimed and states the reasons why such alleged interest or lien is null and void.

The complaint alleges, in substance, that the plaintiff is, and at all times mentioned in the complaint has been, the owner of certain lands in Burleigh county; that during the years 1901 to 1905, inclusive, the plaintiff was the owner of a system of waterworks, consisting of mains, hydrants, etc., located and operated in the city of Bismarck, and that there was connected with the water mains of the plaintiff a line of water mains extending to the state penitentiary, and another line to the state capitol, both belonging to the state of North Dakota; that said two lines, consisting of 3 miles of water mains, were assessed as plaintiff's property, and included, by the taxing officers during all of said years, in and added to the valuation of plaintiff's property;

that the aggregate amount of taxes so assessed, levied, and extended against the plaintiff for said years amounted to $4,416.79, of which sum more than $1,416.79 represented the taxes levied upon the valuation of the 3 miles of water mains belonging to the state of North Dakota; that upon discovering the erroneous inclusion of said 3 miles of water mains in the assessment and valuation of plaintiff's property it promptly made application to the board of county commissioners of Burleigh county for an abatement and cancelation of that portion of the tax charged against it for and on account of the water mains belonging to the state of North Dakota; that the board of county commissioners rejected the application; that the plaintiff thereupon appealed to the district court of Burleigh county from such decision, and while such appeal was pending and undetermined, the plaintiff and the county commissioners of Burleigh county, on December 6, 1906, entered into an agreement compromising said matter, whereby plaintiff agreed to pay the sum of $3,000 (the amount levied upon a valuation of the property which plaintiff actually owned), and the county commissioners agreed to abate the taxes; viz., $1,416.79, assessed and levied against plaintiff by reason of the erroneous inclusion of the water mains belonging to the state of North Dakota; that plaintiff thereupon paid said sum, which was accepted by the county in satisfaction of all taxes for the years 1901 to 1905, inclusive; that plaintiff thereupon dismissed its appeal, but that notwithstanding such settlement, the taxing officials of the defendant county caused said $1,416.79, with penalties and interest, to be extended as a purported lien against the real property of the plaintiff, and that thereafter the defendant, through its taxing officials, caused such real property to be listed and advertised for sale, and sold at the annual tax sale held on December 14, 1915, at which sale, there being no other bidders, said real property was bid in by the county for said purported taxes. The plaintiff therefore demands judgment that the said purported tax certificates be annulled, and that plaintiff's title to the land be quieted as against any claims under such tax sale certificate.

The defendant interposed a general demurrer to this complaint. The trial court overruled the demurrer. The defendant elected to stand upon its demurrer and judgment was entered in favor of the plaintiff

as prayed for in the complaint.    The appeal is taken from the judgment.

It should be borne in mind that in determination of this cause we are limited to a consideration of the facts as stated in plaintiff's complaint.    For it is a universal rule that a demurrer admits all the allegations of fact in the pleading which are issuable, relevant, and material, and well pleaded.    6 Standard Enc. Proc. 943.    Want of verity of the facts alleged cannot be availed of, nor may the court consider whether they can be sustained by proof.    6 Standard Enc. Proc. 949.    In other words, the demurrer, for the purpose of the demurrer, admits the truth of the facts in the pleading, but questions their legal sufficiency.    While admission by demurrer is only for the purposes of the demurrer, and does not conclude the party demurring on a subsequent trial on the merits, it nevertheless dispenses with proof in a case where the demurrer is overruled and the demurrant elects to stand upon the demurrer.    6 Standard Enc. Proc. 955, *et seq.*    In the instant case, therefore, the sole question presented for our determination is whether the facts alleged in the complaint entitle plaintiff to a cancelation of the tax sale certificates.    It is an admitted fact upon this appeal that the taxing officials in assessing plaintiff's property included certain property belonging to the state of North Dakota; and that the inclusion of such property resulted in the levying of a tax against plaintiff's property in the sum of at least $1,416.79 in excess of that which should and would have been levied provided such state property had not been included.

It is also admitted that plaintiff paid every cent of the taxes, which were based upon the valuation of its own property, and that the taxes which defendant sought to collect by the sale of plaintiff's real estate were based wholly upon the valuation of the water mains belonging to the state of North Dakota.

The defendant relies mainly upon the proposition that the plaintiff has pursued an improper remedy.    It is asserted that it should have made application to the board of equalization for a correction of the erroneous assessment; that this remedy is exclusive, and that the courts have no power or right to correct an error committed by taxing officers or boards unless relief is first sought before such board.

In support of this contention, defendant's counsel has cited numerous cases in support of the doctrine that equity will not interfere by injunction with the enforcement or collection of a tax where legal remedies are or have been available. This doctrine has recently been affirmed by this court (Bismarck Water Supply Co. v. Barnes, 30 N. D. 555, L.R.A.1916A, 965, 153 N. W. 454), and meets with my entire approval, but has no application in the case at bar.

Section 2201 of the Compiled Laws of 1913 provides: "In any action or proceeding for the collection or annulment of taxes levied or assessed against any person or property in this state and in any action or proceedings to determine adverse claims to real estate, no tax shall be set aside for any irregularity or defect in form, or illegality in assessing, laying or levying such tax if the person against whom or the property upon which such tax is levied, assessed or laid is in fact liable to taxation, unless it be made to appear to the court that such irregularity resulted to the prejudice of the party objecting, or that the taxes against such person or property have been partially, unfairly or unequally assessed, and in such cases the court may reduce the amount of such taxes and give judgment accordingly; the court shall also have power to amend and correct all irregularities or defects in the form or manner of assessment."

This statute clearly confers upon the courts the power and authority to correct any wrong which may result from an unfair or unequal assessment when such tax comes in question in an action instituted for the collection or annulment thereof, or in an action to determine adverse claims. The statute is so plain and specific in its terms as to admit of little or no room for construction. In the case at bar it is unquestioned that if the plaintiff is required to pay the tax involved in this action, it must pay a tax levied against it by taxing officers who based their action upon, and in effect assessed to the plaintiff, property belonging to the state of North Dakota. The statute above quoted clearly applies to this action and invests the court with power to correct the error thus committed.

Whether the county commissioners had the power to make the compromise alleged in the complaint under the decisions of this court in First Nat. Bank v. Lewis, 18 N. D. 390, 121 N. W. 836; Minot v.

Amundson, 22 N. D. 236, 133 N. W. 551; is a question which need not be determined and upon which I express no opinion.

The judgment appealed from is right and must be affirmed.

BIRDZELL, J.   I concur fully in the views expressed by Mr Justice Christianson in the foregoing opinion.

BRUCE, Ch. J. (specially concurring).   I agree with all that is said in Justice Christianson's opinion and in the result that is reached by both him and Justice Robinson.   I doubt whether the sale was void or whether the compromise was proper.   The tax, however, was paid (at least all that was due), and the sale should be set aside.