**DAKOTA CORPORATION v. SLOPE COUNTY, N. D.**

**No. 9744.**

Circuit Court of Appeals, Eighth Circuit.

Feb. 1, 1935.

George E. Wallace, of St. Paul, Minn., for appellant.

P. O. Sathre, Atty. Gen. (Charles A. Verret, Asst. Atty. Gen., on the brief), for appellee.

Before STONE, GARDNER, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

Appellant, a Delaware corporation, brought an action at law to recover a portion of taxes levied upon 18,000 acres of land in Slope county, N. D., paid under protest by appellant on or about the 1st day of August, 1924. The taxes paid were for the years 1919, 1920, 1921, 1922, and 1923. These lands, during the years in question, were owned by one I. P. Baker of Bismarck, N. D. June 30, 1924, appellant purchased the lands in question, but, because the law of North Dakota required all delinquent taxes to be paid before any transfer of real property may be recorded, these unpaid taxes for the five years above mentioned were paid under protest by appellant in the sum of $14,662 on or about August 1, 1924, in order that its deed might be admitted to record. On or about July 18, 1924, the son of I. P. Baker appeared on behalf of appellant before the board of county commissioners of Slope county relative to some adjustment and abatement of these taxes. The application was refused. This suit followed. The second amended petition, filed May 1, 1929, prayed that the court order the defendant, appellee here, to return to the plaintiff, appellant here, all sums paid as taxes in excess of $8,000, to wit, $6,662, and that said plaintiff have judgment for that sum. Upon the issues framed, the case was tried to the District Court, presumably upon waiver of jury, although such waiver does not affirmatively appear in the record. The court found that:

"The assessment and valuation for purposes of taxation of plaintiff's lands, described in said complaint for the years 1919, 1920, 1921, 1922 and 1923, were in substantial compliance with the laws of the State of North Dakota, and that the taxes levied on said lands for said years, pursuant to said assessment and valuation became and were valid liens upon the property in question; that the owner of said property, during the time that the taxes for the said several years were in process of being levied thereon, and before such taxes became liens, never at any time, appeared before the local taxing authorities of said defendant county in opposition to the making of such levies, or to the amount thereof, or to the amount of such valuations, and never, during such times, made any complaint in connection therewith or asked to be relieved from any part of the tax so being levied," and concluded as matter of law "that plaintiff should take nothing by this action and that defendant should recover its costs and disbursements herein." Judgment was entered accordingly. Appellant made no request for findings, declarations of law, nor for judgment on the evi-

dence prior to submission of the case and entry of judgment. In this condition of the record, the only question presented on this appeal is whether the findings support the judgment. The evidence is not subject to review. Southern Surety Co. v. United States (C. C. A. 8) 23 F.(2d) 55, 58, 59; United States v. Atchison, Topeka & Santa Fe R. Co. (C. C. A. 8) 270 F. 1, 3, 4; Town Club v. United States (C. C. A. 8) 68 F.(2d) 620; Mandel Brothers v. O'Neil, Inc., (C. C. A. 8) 69 F.(2d) 452; Hussey-Hobbs Tie Co. v. L. & N. R. Co. (C. C. A. 8) 69 F. (2d) 92; Wear v. Imperial Window Glass Co. (C. C. A. 8) 224 F. 60; Fleischmann Construction Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624.

The trial court found that the assessment and valuation for purposes of taxation for the five years in question were in substantial compliance with the laws of the state of North Dakota, and that the taxes levied pursuant thereto became and were valid liens upon said property. This alone would seem to preclude recovery on the merits. The court further found that the owner of the property had failed to pursue his administrative remedies during the several years that the taxes were in process of levy and before the same finally became liens.

In the brief of counsel for appellee are cited statutory provisions of the state of North Dakota which evidently formed the basis of this latter finding. Section 2240 of the Compiled Laws of North Dakota 1913, then in force, reads thus:

"*Tax Held Invalid, When.* In all actions in which the validity of any tax hereafter levied comes in question, no tax shall be held invalid unless it shall be made to appear, by the party objecting thereto, that one or more of the following defects exist, to wit:

"1. That the property assessed was not subject to taxation; or in the case of an assessment of personal property, that the person assessed was not liable to taxation at the time such assessment was made, for the property or some part thereof assessed to him.

"2. If the tax is upon real property, that the description of the property intended to be assessed, or the valuation thereof, cannot be definitely ascertained from the assessment roll which is the basis of such tax; and if the tax is upon personal property, that the assessment roll containing the assessment of the property upon which the tax is levied, does not contain either the name of the owner of such property, or the valuation thereof.

"3. That it cannot be definitely ascertained from the official record of the proceedings of the board or officers levying the tax, what amount of taxes, or what rate per cent of taxation was intended to be levied.

"4. That such taxes have been paid.

"5. That the valuation of the property assessed upon which such taxes were levied, was unfair and unequal; provided, however, that no claim of any unfairness or inequality of any valuation of property in the assessment roll shall be heard, unless it appears, either that there was no meeting of the board of equalization authorized by law to equalize such assessment at the time fixed by law to hear and determine such complaint, or if there was such a meeting of such board of equalization, that such board acted in excess of its powers in relation to the valuation objected to; or that the valuation as fixed by the proper board of equalization has been unlawfully increased; but in all such cases the court shall hear the evidence and determine therefrom the amount that is justly due for such taxes, and the tax list containing the record of such taxes shall be prima facie evidence of the amount thereof justly due.

"6. That the tax, or some part thereof, is in excess of the amount limited by law, or for a purpose unauthorized by law, but in such case the court shall not cancel the taxes, except as to such excess or as to such unlawful purpose."

Section 2165, 1925 Supplement to the 1913 Compiled Laws of North Dakota (chapter 227, § 1, Laws 1917), contains the following provision: "*Abatement of Taxes; How Made.* The board of county commissioners may, upon application and affidavit or other evidence, when satisfied beyond a doubt as to the illegality or unjustness of the assessment, or in case of error, abate in whole or in part taxes, whether real or personal; (1) Provided, however, that application therefor shall be submitted to it with a statement of the facts in the case, but no reduction, abatement or refund of any special assessment made or levied by any municipality for local improvements shall be made unless it is also approved by the board of review or similar taxing authority of such municipality, and (2) provided further, that before any abatement or reduction of any assessment of taxes shall be made, the ap-

plication and all records, or a certified copy thereof shall be filed with the tax commission, and such abatement or reduction shall also receive favorable action by said tax commission."

The boards of review and equalization were in session in all the years in which said taxes were assessed.

Appellant refers us to Bismarck Water Supply Co. v. Barnes, 30 N. D. 555, 571, 153 N. W. 454, L. R. A. 1916A, 965, in which it is held that a taxpayer has the remedy of obtaining a review, and, by appropriate legal proceedings, of correcting an error committed by the state board of equalization; also to Bismarck Water Supply Co. v. County of Burleigh, 36 N. D. 191, 161 N. W. 1009, holding that "the courts are vested with powers to grant relief, in an action or proceeding to collect or annul taxes, or in an action to determine adverse claims, against partial, unfair, or unequal assessments," and that, inasmuch as the stated facts in that case showed beyond question that the taxes and tax sales were void, "the plaintiff had a good cause of action without applying to the commissioners for any reduction of the assessment." This case was decided March 6, 1917. In 1921 the Legislature of North Dakota passed an act found as section 2241c of the 1925 Supplement to the 1913 Code (Laws 1921, c. 118, § 1), to wit:

"Sec. 2241c. *Actions Not Allowed; When.* No action shall be brought in the courts of this state to annul any taxes or tax assessments or to recover back taxes erroneously paid, or any part thereof, until the same shall first have been submitted to the board of county commissioners for adjustment in accordance with the existing law, and all actions hereinafter brought, or heretofore brought which have not been prosecuted to judgment, shall, on motion be dismissed without prejudice, provided, that this act shall not apply to special assessments."

The foregoing statutes indicate very clearly the policy of the state of North Dakota to insist upon the duty to exhaust administrative remedies, with respect to the abatement of real estate taxes, before applying to the courts for relief. This action did not assail the taxes as void in toto, but sought in this manner to recover—in effect to abate—a substantial part of the assessment. The trial court found that the owner of the property "during the time that the taxes for the said several years were in process of being levied thereon, and before such taxes became liens, never at any time, appeared before the local taxing authorities of said defendant county in opposition to the making of such levies, or to the amount thereof, or to the amount of such valuations, and never, during such times, made any complaint in connection therewith or asked to be relieved from any part of the tax so being levied."

However, it is unnecessary to base our decision upon this phase of the controversy. It is sufficient to hold that the findings as a whole support the conclusion reached, and, so holding, that the judgment should be, and is, affirmed.