(121 N. W. 916.)

---

THE FIRST NATIONAL BANK OF CASSELTON, NORTH DAKOTA, v. ARTHUR G. LEWIS, AS COUNTY AUDITOR OF CASS COUNTY, NORTH DAKOTA, AND THE BOARD OF COUNTY COMMISSIONERS IN AND FOR CASS COUNTY, NORTH DAKOTA.

Opinion filed May 25, 1909.

**Taxation — County Boards of Review and Equalization — Powers.**

1. The county board of review and equalization acts in a dual capacity: First, as a board of review to review and adjust assessments in districts having no local board of review; and, second, as a board of equalization to equalize the assessments merely between the various assessment districts. As a board of review, it may raise or lower valuations upon classes of property, and also upon individual property; but as a board of equalization, it may raise or lower the valuation of classes of property only so as to equalize the assessments as between the assessment districts. (Ellsworth J., dissenting.)

**Same.**

2. Prior to the amendment of the revenue law in 1897 (Laws 1897, page 256, chapter 126), such board had the power, and it was its duty, to equalize assessments throughout the county by raising or reducing valuations upon classes of property, and also by changing individual assessments, but by such amendment it was the legislative intent to adopt a scheme or system whereby the local boards of review, where there are such boards, shall equalize the assessments as between individual taxpayers, the county board of equalization as between the

several assessment districts, and the state board as between the several counties. The old system was retained to the extent only of permitting the county board to act as a board of review in districts having no local board of review. (Ellsworth, J., dissenting.)

### Taxation — Statutes — Repeal by Implication.

3. In makng such change, certain provisions of the old statute, which are inconsistent with the law as amended were continued and re-enacted in the law of 1897 (Laws 1897, page 256, chapter 126); and, in so far as such inconsistent provisions cannot be harmonized with the statute as amended, they are deemed repealed by necessary implication. (Ellsworth, J., dissenting.)

### Taxation — County Board of Review and Equalization — Powers.

4. Section 2722, Rev. Codes 1905, which expressly provides that no changes shall be made in individual assessments as returned by the city board of equalization, by the county board, was not repealed by the amendment made in 1897 (Laws 1897, page 256, chapter 126), but is still in full force and effect. (Ellsworth, J., dissenting.)

Appeal from District Court, Cass county; *Pollock, J.*

Action by the First National Bank of Casselton against Arthur G. Lewis, as County Auditor of Cass county, and the Board of County Commissioners of that county. Judgment for plaintiff, and defendants appeal.

Affirmed.

*Stambaugh & Fowler,* for appellants. *Engerud, Holt & Frame,* for respondent.

FISK, J. The sole question requiring our decision on this appeal is whether the county board of equalization has authority to raise individual assessments on property in an organized city, after the same have been equalized by the city board of review. The learned trial court answered such question in the negative, and we believe correctly so. Our reasons for this conclusion will be briefly stated. The various provisions of our revenue laws relative to the review and equalization of assessments for the purpose of taxation, as they were amended and re-enacted in 1897, as hereinafter stated, very clearly disclose that the legislative intent was to adopt a scheme or system whereby the local boards of review, where there are such boards, shall equalize the assessments as between individual taxpayers, the county board of equalization as between the several assessment districts, and the State Board of Equalization as between

the several counties. There are no local boards of review in certain assessment districts, to wit, those districts not embraced in incorporated cities, towns, villages, or organized civil townships, and hence it was necessary, in making such change, to provide for a local board of review as to assessments therein, or in other words to retain, to this extent, the old system. This was done by the first portion of section 1528 Rev. Codes 1905, which expressly confers such power on the county board. The following portion of said section expressly confers upon such board the power, and imposes the duty, to examine and compare the assessments returned by the assessors of all the districts within the county, and to equalize the same throughout the county between the several assessment districts. It is thus apparent that the county board acts in a dual capacity; i. e., as a board of review as to certain assessments, and as a board of equalization for the sole purpose of equalizing as between the several districts. As to individual assessments passed upon by the local boards of review, their action was intended, by the provisions of section 1528 aforesaid, to be final; but, by the rules embraced in subdivisions 1 to 5, inclusive, of said section, and also by certain provisions of section 1523, it is provided, in effect, that the county board shall hear and act on complaints of all individuals in respect to assessments, except the complaints of residents of the districts as to personal property assessments. In so far as the latter section confers upon the county board the power of acting on individual assessments is concerned, it conflicts with the other section, but, to the extent that it deals with personal property assessments of individuals who are residents, it is in harmony therewith. The same may be said of the rules aforesaid. This conflict arises by reason of careless legislating. By chapter 132, p. 376, Laws 1890, the Legislature enacted a complete revenue statute, which is substantially a verbatim copy of the Minnesota revenue law as contained in chapter 11, Gen. St. 1878. Under section 44 of the act of 1890 aforesaid, which corresponds to the same numbered section in the Minnesota act, the county board of equalization was given the power, and it was made a duty, to equalize the assessments of the property throughout the county; their powers being in no way restricted to equalizing as between the various districts. Hence the rules embodied in the subdivisions contained in said section were in harmony with the body of the section, and, for the same reason, section 1523 was in harmony therewith. In 1897 another complete

revenue law was enacted (chapter 126, p. 256, Laws 1897), which in the main is a re-enactment of the 1890 statute. Certain changes were made in the old law, and notably the section pertaining to the duties of the county board of equalization, which is found in section 45 of the new law, being section 1528, Rev. Codes 1905. By this change the Legislature evidently intended as heretofore stated, to depart from the old system of permitting the county board to review individual assessments throughout the county so as to permit them to act as a board of review only as respects assessments in districts not embraced in an incorporated city, town, or village, or organized civil township having a local board of review, and as to all other assessments they were to equalize the same only between the several assessment districts. The whole difficulty in construing this section as thus amended is occasioned by the fact that the rules embraced in subdivisions 1 to 5, inclusive, found in said section as well as the provisions in section 1523 relating to local boards of review, are retained without material change, although some of the provisions of such rules, and of section 1523, are obviously inconsistent with the section as thus amended.

It is elementary that our duty, so far as possible, is to harmonize the various provisions so as to give effect to the legislative intent. This can be done only by holding that such rules in so far as they are applicable to the duties of the county board as a board of review, shall be construed as referring merely to the discharge of such duties, and that those rules which are applicable to the duties of the board when acting either as a board of review, or as an equalization board for the purpose of equalizing between the districts, shall have the same application as they had under the prior statute. In no other way can we give effect to the clear legislative intent to restrict the power of the county board to that of equalizing merely between the various districts, except in districts having no local board of review. This construction is not a strained one, and is fully justified by the well-settled rules of statutory construction. Furthermore it harmonizes section 1528 with section 2722, Rev. Codes 1905, which latter section expressly provides that no individual assessment in cities shall be changed by the county board. Section 2722 is a mere continuation of such section as enacted by chapter 33, p. 110, Laws 1893, but its enactment in 1893 operated as an implied repeal of section 1528 as that section stood under the 1890 statute, in so far as it conflicted therewith, and the re-enactment of section 1528

by Acts 1897, p. 272, c. 126, § 45, not being inconsistent thereto, but in strict harmony therewith, did not have the effect of impliedly repealing section 2722. As to certain provisions in section 1523 they cannot be harmonized with section 1528, and hence, under well-settled rules of statutory construction, the amended section, being the latest expiession of the legislative will, must control, and the inconsistent provisions of the other section must be deemed to be repealed by necessary implication. It will be noticed that section 1523 is a mere continuation of the same section found in the 1890 act. 26 Am. & Eng. Enc. of Law, 713, and cases cited.

Our conclusion, therefore, is, that the county board acts in a dual capacity: First, as a board of review to review and adjust assessments in districts having no local board of review; and, second, as a board of equalization to equalize the assessments merely between the various assessment districts; that as a board of review it may raise or lower valuations upon classes of property, and also upon individual property, but as a board of equalization it may raise or lower the valuation of classes of property only so as to equalize the assessments as between the districts. The property in question being within the city of Casselton, the action of its local board of review was final, and hence the county board had no power to raise plaintiff's assessment.

Judgment affirmed.

SPALDING and CARMODY, JJ., concur. MORGAN, C. J., not participating.

ELLSWORTH, J. (dissenting). I am unable to agree with the construction placed by my associates upon section 1528, Rev. Codes 1905, in any of the points presented by the majority opinion. It is apparent that section 1528 is somewhat carelessly drawn, and its parts loosely connected. Preserving the arrangement of parts made by the legislature, however, and giving the words their usual and ordinary meaning, a certain purpose is clearly evident. This being true, it is not our duty to wrest words and phrases of the statute from the grammatical and rhetorical construction given them by the Legislature, in an attempt to harmonize its provisions with a conjectural general intent that appears very obscurely at best, and may be entirely fanciful.

In all enactments prior to the passage of section 1528 as part of the revenue law of 1897 the power of county boards of equalization to raise or lower an individual assessment, made in any part of the county, was unquestioned and very broad. Section 1584, Comp. Laws 1887; section 44, p. 392, c. 132, Laws 1890; sections 1213, 1214, Rev. Codes 1895. The only evidence of a legislative intent to adopt a general scheme or system, in the operation of which the powers of county boards is confined exclusively to the equalization of assessments between the different districts of the county appears, upon the adoption in 1897 of section 1528, in words to the effect that the county board, after examining and comparing the assessments returned by the assessors of all districts in the county, shall "proceed to equalize the same throughout the county between the several assessment districts." This duty is to be performed, however, expressly, "subject to the following rules." Then follows four rules which in the plainest expressions possible empower the county board in the exercise of its duties to raise or lower the value of individual assessments.

In view of the majority of this court these rules are meant by the Legislature to apply to the duties of the county board only while acting as a board of review in correcting assessments made in districts having no local board. If such was the intent of the Legislature, it is certainly remarkable that it should have chosen language which expresses an exactly opposite purpose. It may be said that, by striking out the words "subject to the following rules" in the place where they are now found in the statute, and transposing them to the beginning of the sentence in which they appear, so that it will read "subject to the following rules, such board shall perform the duties perscribed by section 1523," etc., an intent, as declared by the majority opinion, clearly appears. It is only by means of some such rearrangement as this of the language of the statute that any color can be given to the interpretation placed upon it by the majority opinion. It is equally true, however, that by the transposition and elimination of one or more words almost every sentence in the statute could be made to express an exactly opposite meaning to that which it now conveys. A construction which requires that we should thus do violence to the plain rhetorical construction of the statute is, in my opinion, not permissible. "We are not at liberty to imagine an intent, and bind the letter of the act to the intent; much less can we indulge in the license of striking out

and inserting and remodeling with the view of making the letter express an intent which the statute in its native form does not evidence." Sutherland on Statutory Construction, § 237. Alexander v. Worthington, 5 Md. 485.

Under no construction, except one so strained and distorted as to fall without the sanction of any well-recognized principle, can it be said that the four rules contained in subdivisions 1 to 4 of section 1528 do not authorize the county board to raise and lower individual assessments in all the assessment districts of the county. The plain wording of the statute makes these rules applicable only to the county board in the discharge of its duty as a board of equalization. If they may be said to be also, though much more remotely, applicable to the discharge of the duties of the county board while acting as a board of review, then it can be claimed only that they apply to both the functions of review and of equalization. If it be conceded that they apply in any degree whatever to the function of equalization, it inevitably follows that the county boards are authorized to raise and lower individual assessments in all the districts of the county.

Section 2722, Rev. Codes 1905, was passed in 1893 as part of an act providing for the government of cities. That part of this section which provides that no individual assessment of taxable property shall be changed by the county board is in direct conflict with the provisions hereinbefore referred to of section 1528, which, being a later expression of the legislative will, operates to impliedly repeal that part. Notwithstanding this implied repeal of a single clause, section 2722 was still in substance an "existing statute," and cannot be regarded as a new enactment when passed as part of the general law relating to the government of cities in 1905. The duties of the county board at the present time are therefore, in my opinion, entirely unaffected by that part of section 2722 which prohibits the changing by it of an individual assessment made in an incorporated city.

While, therefore, isolated clauses of the statutes, referred to may afford some evidence of a general plan or scheme in the operation of which the county boards shall deal only with classes of property and not with individual assessments, the plain rendering, according to the usual and general signification of the words and phrases of section 1528, Rev. Codes 1905, confers authority upon the county board to change an individual assessment in any district of the

county; and in my opinion the county board of equalization of Cass county was authorized to increase the assessment of respondent's bank stock, if there was reason to believe that the amount returned by the city assessor was not in accordance with the value of the property.

(121 N. W. 836.)