HUGHES ELECTRIC COMPANY, a Corporation, Respondent, v. COUNTY OF BURLEIGH, Appellant.

(207 N. W. 997.)

**Taxation — appeal lies from decision of board of county commissioners denying application to correct illegal tax assessment.**

1. An appeal lies from a decision of a board of county commissioners denying an application to correct an illegal tax assessment.

**Taxation — judgment of dismissal without prejudice no bar to available remedies.**

2. A judgment of dismissal without prejudice is no bar to other remedies available to the plaintiff.

**Taxation — board of county commissioners may not raise or change individual assessments where board of taxing district has performed its duty.**

3. Following First Nat. Bank v. Lewis, 18 N. D. 390, and Minot v. Amundson, 22 N. D. 239, it is held, the board of county commissioners sitting as a board of equalization, has no power to raise or change an individual assessment in a taxing district, having a board of review, where the latter has reviewed and equalized the assessment of the taxpayers in such taxing district other than as a change may be effected by equalizing classes of property of the same class throughout the county.

**Taxation — board of county commissioners of Burleigh county have no power to increase individual assessment after review and equalization by board of review; amount of increase by county board illegal.**

4. The county board of equalization of the county of Burleigh had no power to increase the individual assessment of the plaintiff in the case at bar. The amount of the increase in the assessment is illegal and void and may be corrected by the county commissioners under § 2165, Comp. Laws 1913, as amended by chapter 227, Sess. Laws 1917.

Opinion filed March 2, 1926.

Judgments, 34 C. J. § 1207 p. 790 n. 10. Taxation, 37 Cyc. p. 1074 n. 47; p. 1110 n. 66; p. 1114 n. 82.

Appeal from the District Court of Burleigh County, *Cooley,* J. Affirmed.

*F. E. McCurdy,* for appellant.

*C. L. Young,* for the City of Bismarck, North Dakota.

*L. L. Butterwick,* Assistant Attorney General, for the State of North Dakota.

*O'Hare & Cox,* for respondent.

BURKE, J. In the year 1919, the assessor of the taxing district of the city of Bismarck, North Dakota, assessed the personal property of the Hughes Electric Light Company at $162,170, which assessment was approved by the city board of review without change. There-

after the city auditor within the statutory period delivered to the county auditor, the assessment rolls of said city for the year 1919, showing the taxable property within said city, and included therein the personal property of the Hughes Electric Light Co. for said year in the sum of $162,170.

On August 6, 1919, the board of county commissioners of Burleigh county sitting as a board of equalization, increased the valuation of the personal property of said Hughes Electric Company by 140 per cent, by resolution which reads as follows: "Moved by commissioner Swanson, and seconded by commissioner Malone, that the Electric Light Plant in the city of Bismarck be raised 140 per cent based on appraised value by the Railroad Commission." The personal tax of the said Hughes Electric Company on the original assessment amounted to $5,510.05, and the action of the county board of equalization increased the personal tax to $13,245.67. The Hughes Electric Company brought an action in equity to enjoin the collection of said tax. This court in the said case viz., Hughes Electric Co. v. Albin Hedstrom held, that plaintiff had an adequate remedy at law and the judgment of the lower court dismissing the action without prejudice was affirmed. Thereafter the defendant tendered the tax upon said personal property as originally assessed by the city assessor and reviewed by the city board of review together with interest, and penalty thereon, amounting to $8,334.77, and acceptance of the same being refused the said Hughes Electric Company deposited the said sum of $8,334.77 in the First National Bank, in the city of Bismarck to the credit of Burleigh county, which tender and deposit has been kept intact. At the time of making the tender the Hughes Electric Company, by its vice president, applied to the board of county commissioners, in which application he claims that the action of the county board of equalization was illegal, and without the authority of law; that the board of equalization cannot raise an individual assessment on property in an organized city after the assessment has been reviewed and returned by the city board of review. That at the time the county board of equalization raised the assessment of said property, there were two other electric plants privately owned, and subject to taxation for said year, in the county of Burleigh, and no attempt was made by said board to equalize valuations of that class of property as a class.

The applicant prays that the unlawful act of the board of equalization be declared null and void, and that the tax based upon the lawful valuation as equalized by the city board of review, and returned to the county board, be recognized as the lawful and legal tax of the Hughes Electric Company for the year 1919. That the sheriff of Burleigh county be authorized and instructed to accept the sum of $8,344.77 as tendered by the applicant for the payment of the tax, interest, penalty, and sheriffs' fees for the year 1919. The application was denied by the county board and the Hughes Electric Company appealed to the district court, and after trial in the district court, findings of fact and conclusions of law sustaining the contentions of the Hughes Electric Company were duly made and from the judgment thereon the city appeals to this court.

It is the contention of the defendant, 1st., That the appeal does not lie from the decision of the board of county commissioners on the subject-matter of the action. 2nd. That the subject-matter of the action was adjudicated and finally determined in this court in the case of Hughes Electric Co. v. Hedstrom, 50 N. D. 522, 197 N. W. 133. 3rd. That the matters stated in the appeal and in the application for relief do not state facts sufficient to constitute a cause of action in law or a valid legal ground for relief. 4th. In the year 1919 there was no other electric plant assessed in the city of Bismarck.

The territorial court in the case of Pierre Waterworks Co. v. Hughes County, 5 Dak. 145, 37 N. W. 733, construed what is now § 3298, Comp. Laws 1913, and held that an appeal lies from the decision of the board of county commissioners fixing the valuation of the property for taxation made when acting as a board of equalization. In said case the claim was made that the decision appealed from was a decision of the board of equalization, and was not a decision of the board of county commissioners, and, therefore, an appeal did not lie. The court said that since the statute states specifically that, "The board of county commissioners shall constitute the board of equalization it is the board of county commissioners constituted as a board of equalization." In other words it is the board of county commissioners exercising additional powers of another jurisdiction but it is still the board of county commissioners, and an appeal lies from their decision fixing the valuation of property made when acting as a board of equalization. This case is cited with approval,

and followed in Re First Nat. Bank, 25 N. D. 635, L.R.A.1915C, 386, 146 N. W. 1064. The first paragraph of the syllabus reads as follows: "Under § 1927, Revised Codes of 1895 (the same being § 3298, Comp. Laws 1913) an appeal will lie from a decision of a board of county commissioners made while equalizing and correcting assessments in a controversy then pending before them, and judicial in its character." On page 637, the court says, "If a party be wrongfully and unjustly taxed in violation of law, (and that is what plaintiff claims in this case) then a wrong exists for which there must be a remedy in law in some form." "The courts can take cognizance of it independent of any action of the county commissioners, because it is inherently judicial in character; and being a proper subject for judicial determination, the manner in which it may be brought before the court is entirely within legislative control." This statement of the law applies to the case at bar. Here too the plaintiff claims that he has been wrongfully and unjustly taxed in violation of law. If he has, then the wrong exists for which there must be a remedy in law in some form. The statutory remedy is provided in § 2165, Comp. Laws 1913, as amended by chapter 227, Sess. Laws 1917, which empowers the county commissioners to abate the tax whether real or personal in whole or in part when satisfied beyond a doubt of the illegality or unjustness of the assessment or in case of error. Neither the original statute, nor the amendment, provided for the submission of the abatement application to any other than the board of county commissioners in the event that that board should reject the application. The plaintiff made his application under this law. The decision of the board of county commissioners, in refusing to grant the application, was final so far as this character of relief was concerned, and the situation of the applicant was analogous to that of the plaintiff or applicant in Re First Nat. Bank, supra. The 1917 amendment in no way affects the right of appeal accorded to an unsuccessful applicant as it previously existed under the statutes and the decisions construing them.

There is no merit in the contention of the defendant that the matter was litigated in the case of Hughes Electric Co. v. Hedstrom, supra. In that case the judgment of the lower court dismissing the action was affirmed without prejudice to any other remedy the plaintiff might have. The next contention of the defendant is that the action of the

county board of equalization in raising the assessment of the plaintiff was legal. 1st. "The county commissioners as a board of equalization have the right to raise or lower all individual assessments." 2nd. "If the county commissioners have not the power to raise or lower individual assessments, there was no other electric plant in the city of Bismarck, in 1919.

It is the contention of the plaintiff that the county board of equalization cannot change an individual assessment except in taxing districts where there is no board of review, that there is a board of review which reviewed and equalized the assessment in said district of the city of Bismarck, and the returns of the city board of review and equalization cannot be changed by the county board of equalization except as the same may be changed in the equalization of classes of property of the same kind. Both plaintiff and defendant rely on the decisions of this court in First Nat. Bank v. Lewis, 18 N. D. 390, 121 N. W. 836, and Minot v. Amundson, 22 N. D. 236, 133 N. W. 551. These decisions unquestionably settle the law in this case. The first one has stood as the law on the subject matter of this action since May, 1909, and it was followed and approved by this court on November 8, 1911, in the case of Minot v. Amundson, supra. In the case of First Nat. Bank v. Lewis, the court said: "That it was apparent from the revenue law that the legislative intent was to adopt a harmonious system whereby, the local boards of review (where there are such boards) shall equalize the assessments as between individual taxpayers, the county board of equalization as between the several assessment districts in the county, and the state board of equalization as between the counties," and concludes as follows, viz.:

"Our conclusion, therefore, is, that the county board acts in a dual capacity; First, as a board of review to review and adjust assessments in districts having no local board of review; and, second, as a board of equalization to equalize the assessments merely between the various assessment districts; that as a board of review it may raise or lower valuations upon classes of property, and also upon individual property but as a board of equalization it may raise or lower the valuation of property only so as to equalize the assessments as between the districts. The property in question being within the city of Casselton, the action

of its local board of review was final, and hence the county board had no power to raise plaintiff's assessment."

This case is cited with approval, and followed in the case of Minot v. Amundson, supra. The latter case also construes § 1553 (being § 2165, Comp. Laws 1913, as amended by chapter 227, Sess. Laws 1917), and § 2722 (being § 3646, Comp. Laws 1913). In the Amundson Case, Amundson made an application to the board of county commissioners for a reduction of the assessment of lots in Minot from $5,460 to $3,000 the same having been returned by the city auditor of Minot as the assessments on said lots, as the same were assessed by said assessor and reviewed by the city board.

Section 1553 (Comp. Laws 1913, § 2165), as amended by chapter 227, Sess. Laws 1917, authorized the board of county commissioners to abate taxes illegally, unjustly or erroneously assessed and § 2722, prohibits any change in an individual assessment, other than as such a change may be effected by equalizing classes throughout the county, and the court held, that the action of the county board of equalization was illegal and that said board had no authority to reduce the assessment.

It is the contention of the defendant that since the statute prohibits the county board of equalization from changing an individual assessment, the county board of equalization of Burleigh county have no authority to grant the application of the plaintiff in the case at bar. It is clear however, that the prohibition in § 2722 (Comp. Laws 1913, § 3646), relates only to the assessment returned by the city officers. There is no inhibition in § 3646, Comp. Laws 1913, which prevents the county commissioners from correcting errors made by the county board of equalization. In fact the inhibition is not against the board of county commissioners sitting as such a board, but against the county board of equalization. While they are the same persons, they are two distinct boards and the duties of each board are defined by law. Section 3646, supra, states specifically *that the board of equalization of such county may increase or diminish the valuation, therein placed on any class of property so as to make such valuation uniform, with the valuation of the same class of property throughout such county, but no individual assessment shall be otherwise changed.* There is no conflict between this section and § 2165. Section 2165 authorizes the

county commissioners to abate illegal or unjust or erroneous assessment whether the same be real or personal. The application can be made at any time and at any meeting of the board of county commissioners. In fact under chapter 118, Sess. Laws 1921, no action can be brought in any court to annul any tax or tax assessments or to recover back taxes erroneously paid or any part thereof, until it has first been submitted to the board of county commissioners. As stated by Justice Bartholomew, in Re First Nat. Bank, 25 N. D. 635, L.R.A. 1915C, 386, 146 N. W. 1064, "The manner in which it (the annulment or abatement of a tax) may be brought before the court is entirely within legislative control, and it is our duty to give force to the statute. The board of county commissioners are the business managers of the county, and in the light of § 2165, Comp. Laws 1913, as amended chapter 227, Sess. Laws 1917, and chapter 118 of the Laws of 1921, it is clear that the legislature has provided a summary remedy for the annulment or abatement of illegal or unjust tax assessment in whole or in part. It is also clear that the prohibition in § 3646, Comp. Laws 1913, applies only to the county board of equalization when sitting as a board of equalization and not to the board of county commissioners when sitting as county commissioners and to changes by the county board of equalization in assessments returned by city officers other than changes effected by equalization of property of the same class throughout the county.

The plaintiff in the case at bar is not asking a rebate in the assessment returned by the city officers. It is strenuously insisting that the county board of equalization raised its individual assessment in violation of the statute and the decisions of this court. Defendants claim that there was no other electric light plant in the city of Bismarck, does not help the situation for city property is equalized by the city board and not by the county board. The county board does not claim that the change in the assessment was affected by the equalization of the plaintiff's property with the two other electric plants in the county. The change in the assessment was an unauthorized illegal increase in an individual assessment.

The judgment of the lower court is affirmed.

CHRISTIANSON, Ch. J., and JOHNSON, BIRDZELL, and NUESSLE, JJ., concur.