The respondent, Edward G. Patterson, is the owner of certain real property in Burleigh county. This property was assessed for taxes in the taxing district of the city of Bismarck for the years 1919, 1920, 1921, 1922, and 1923. The taxes were not paid, the property was offered at tax sale, and lacking other bidders was bid in by Burleigh county. Thereafter in 1925 respondent applied to the board of commissioners of Burleigh county for an abatement and compromise of a portion of the taxes levied and assessed against such property under the provisions of chapter 227, Sess. Laws 1917. The board of county commissioners acted favorably upon the application and subsequently the tax commissioner approved the action of the board and a compromise was made whereby a portion of the taxes were abated and the respondent paid the remainder. Thereafter and within the required time, the state's attorney of Burleigh county on petition of nine taxpayers appealed to the district court from the decision of the board under the provisions of § 3298, Comp. Laws 1913. When the cause was called for trial the respondent, Patterson, appeared specially and moved to dismiss the appeal. The district court granted respondent's motion, judgment of dismissal was entered and the appellant, Burleigh county, perfected the instant appeal.
The questions arising on this appeal are purely of statutory construction. The particular sections of the statute involved are § 2165, Comp. Laws 1913, § 3298, Comp. Laws 1913 and chapter 227, Sess. Laws 1917. Section 2165, Comp. Laws 1913 reads as follows:
"The board of county commissioners may, upon affidavit or other evidence, when satisfied beyond a doubt as to the illegality or unjustness of the assessment or in case of error, abate taxes whether real or *Page 921 
personal. Full record of such abatement must be made, showing the reason for their action, and the county auditor shall certify such abatement to the county treasurer, who shall enter such facts opposite the tax so abated, which shall have the effect of discharging such tax. And whenever taxes on any real estate remain unpaid and such property has not been sold to any purchaser other than the county, by reason of depreciation in value or other cause, the board of county commissioners, may compromise with the owner of such property by abating a portion of such delinquent taxes on payment of the remainder. The county auditor shall also make out a certified statement of the amount of state taxes so abated, which statement shall be forwarded to the state auditor, who shall give the county credit for the amount so abated."
As amended by chapter 227, Sess. Laws 1917, § 2165 reads:
"The board of county commissioners may, upon application and affidavit or other evidence, when satisfied beyond a doubt as to the illegality or unjustness of the assessment, or in case of error, abate in whole or in part taxes, whether real or personal; (1) Provided, however, that application therefor shall be submitted to it with a statement of the facts in the case, but no reduction, abatement or refundment of any special assessment made or levied by any municipality for local improvements shall be made unless it is also approved by the board of review or similar taxing authority of such municipality, and (2) provided further, that before any abatement or reduction of any assessment of taxes shall be made, the application and all records, or a certified copy thereof shall be filed with the tax commission, and such abatement or reduction shall also receive favorable action by said tax commission.
"Full record of such abatement must be made, showing the reason for their action, and the county auditor shall certify such abatement to the county treasurer, who shall enter such facts opposite the tax so abated, which shall have the effect of discharging the amount of tax so abated. And whenever taxes on any real estate remain unpaid and such property has not been sold to any purchaser other than the county, by reason of depreciation in value or other cause, the board of county commissioners may compromise with the owner of such property by abating a portion of such delinquent taxes on payment of the remainder. The county auditor shall make out a certified statement of *Page 922 
the amount of state taxes so abated which statement shall be forwarded to the state auditor, who shall give the county credit for the amount so abated."
Section 3298, Comp. Laws 1913, provides:
"From all decisions of the board upon matters properly before it an appeal may be taken to the district court by any person aggrieved, upon filing an undertaking in such sum and with such sureties as may be approved by the county auditor, conditioned that the appellant will prosecute such appeal without delay and pay all costs adjudged against him in the district court. Such undertaking shall be executed to the county and may be sued on in the name of the county. The state's attorney, upon the written demand of at least seven taxpayers of the county, shall take an appeal from an action of the board of county commissioners to the district court, when the interests of the county are affected, which appeal shall be taken in the name of the county, and in such case no bond shall be required. . . ."
Chapter 213, Sess. Laws 1917, reduced the tax commission to one person, known as a tax commissioner, and confers on him all powers and duties of the old tax commission.
Respondent first contends that prior to the enactment of chapter 227, Sess. Laws 1917, no provision was made for appeal from action of the commissioners under § 2165, supra. On the other hand, appellant insists that a decision of the county board made under § 2165, supra, was appealable prior to the amendment of 1917, and further that such amendment does not in any manner affect the right of appeal in cases such as the instant one. We think, however, there can be no doubt but that pursuant to § 3298, supra, an appeal would lie from such a decision of the county board. Such has been the consistent holding of this court. See Re First Nat. Bank, 25 N.D. 635, L.R.A. 1915C, 386, 146 N.W. 1064, decided December 5, 1898; Hughes Electric Co. v. Burleigh County, 53 N.D. 728, 207 N.W. 997. The first case following the case of Pierre Waterworks Co. v. Hughes County, 5 Dak. 145, 37 N.W. 733, holds that an appeal lies from a determination of the county board sitting as a board of equalization. This court later in the case of Minot v. Amundson, 22 N.D. 236, 133 N.W. 551, decided in November, 1911, considering the whole statutory scheme of taxation and particularly § 2165, supra, held that its *Page 923 
purpose was to give relief in those cases where relief could not have been afforded or was not afforded by the county board sitting as a board of equalization, and that § 2165 must be considered in connection with the other sections of the revenue statute touching matters of equalization. See also Bismarck Water Supply Co. v. Barnes, 30 N.D. 555, L.R.A. 1916A, 965, 153 N.W. 454.
An examination of § 2165, supra, at once discloses that this section contemplates action by the board of county commissioners in the way of affording relief from tax grievances under two sorts of circumstances: First, before the property has been sold, on account of error, illegality, or unjustness of the assessment,
and, second, after sale where the county purchased, by compromise
and abatement on account of depreciation of the property or other cause.
The first portion of the amended statute requires that any abatement, refundment or reduction of any special assessment for local improvements as made under § 2165, to be effective must have the approval of the board of review or similar taxing authority of the municipality, and that any abatement or reduction of assessments of other taxes to be effective must be submitted to and approved by the tax commissioner. Appellant contends that as respects general taxes this amendment was intended to apply, and in fact does apply only to those cases where the county board abates or reduces assessments prior to the sale of the property taxed, and does not in any manner affect the power of the board to grant relief after sale in those cases where the county purchased at such sale Premising its argument on this contention, appellant insists that even though there be no right of appeal in those cases which must be submitted to the tax commissioner, nevertheless the right of appeal still exists from decisions of the county board compromising taxes where the property has been sold to the county and that the instant action grew out of such a case.
The old law (§ 2165) is identical with the amendment (Sess. Laws 1917, chap. 227), save for the interlineation in the first paragraph of the latter of the two provisos requiring the additional approval by the municipal reviewing authority in the case of special assessments and by the further favorable action of the tax commission in all cases, before relief is had. Note that these additions follow the part of this law providing for relief from errors, unjustness or illegalities appearing *Page 924 
in assessments, — before property is sold for taxes. Otherwise the old law is wholly unchanged. It is the last phase of this law, that relating to compromises only, that we have to consider and to construe in this case. It relates to a different subject and to property affected in an entirely different manner, — the condition existing (1) after a tax sale (2) when the property has been sold to the county (3) by reason of depreciation or other cause. There is absolutely nothing to indicate that the legislature intended such adjustment should have the approval of the tax commission or other taxing officers. Surely the statute does not so state. The additions constituting the amendment are made a part of the law relating to the first kind of relief suggested, a portion of the same sentence; it is isolated from the remainder of the amended section. If the legislature intended to have the two new provisos apply to this last situation why were these provisos not restated therein, or more logically, inserted at the end of the section as a whole? Shall we assume the simple English of the enactment was jumbled by its author and the amending portion misplaced? It seems more reasonable to believe there was meant just what and only that which was written. The last provision of the amended law, the provision under which relief was attempted in this case, and the only portion of this section under which the county commissioners could act as to these taxes, wholly omits the provisos. The endeavor of statutory construction is to ascertain and apply the legislative intent. Had it been the legislative intent to require the approval of the tax commissioner to compromises such as this, such intent most certainly would have been expressly stated, not left to inference. No construction of the amendment should be indulged which adds to its plain language.
While the courts are not concerned with the reasons which actuate the legislature in the enactment of laws, the difference between the two propositions to be dealt with under this statute are such as to reasonably justify the conclusion that the legislature desired to confer on different bodies the power to determine under the different circumstances. This particular part of this statute does not deal with legal or technical matters. It is concerned only with compromises, salvaging frozen assets, collecting so much as possible of revenue already the public due. Was it not the thought to leave such purely business *Page 925 
functions in the judgment of the county board without the supervision of the tax commissioner? We think so; we are of the opinion that the county commissioners may, under the amended law, in proper cases, compromise and abate taxes without the approval of the tax commissioner.
If this is the situation, if the action of the county commissioners in the instant case was effective, and in the absence of appeal final, then it follows that the concurrence of the tax commissioner secured in this case was surplusage, and that in this case an appeal lies from the action of the county commissioners.
Reversed and remanded.
BIRDZELL, Ch. J., and NUESSLE, CHRISTIANSON, and BURKE, JJ., concur.
BURR, J., did not participate; Honorable C.W. BUTTZ, Judge of the Second Judicial District, sitting in his stead.