[File No. 6064.]

CITY OF MANDAN, a public Corporation, Appellant, v. LEE NICHOLS, Auditor, L. M. Tavis, Treasurer, of Morton County, North Dakota and Anna J. Stark, and ANNA J. STARK, Respondent.

(243 N. W. 740.)

Opinion filed July 9, 1932.

*Kelsch & Higgins,* for appellant.

*Sullivan, Hanley & Sullivan,* for respondent.

BURKE, J. This is an action brought by the city of Mandan, North Dakota to enjoin the county auditor and county treasurer from acting under an order of the board of county commissioners approved by the tax commissioner, reducing the assessment against the improvements on Lot six in Block 19 in the city of Mandan, the same being the property of the defendant, Anna Stark.

It is stipulated that the assessment against the real estate was $1600.00 and $1500.00 upon the improvements, which assessment was approved by the city board of equalization without protest upon the part of the defendant, Anna Stark.

Thereafter, the defendant, Anna Stark, made application to the

board of county commissioners for an abatement of said assessment on the ground that the property was not properly classified for assessment purposes and that the assessment was greater than the true value of the property.

The board of county commissioners of the county, acting upon the application for abatement under § 2165 as amended by chapter 227, laws of 1917, as a board of county commissioners reduced the assessment on the real estate to $700.00 and on the improvements to $750.00 and the state tax commissioner approved the reduction as to the valuation of the improvements but not as to the assessment as against the real estate. The defendant, Anna Stark, accepted the assessment as approved by the tax commissioner.

It is the contention of the appellant that the county commissioners did not have jurisdiction to entertain the defendant's application for an abatement, citing and relying upon First Nat. Bank v. Lewis, 18 N. D. 390, 121 N. W. 836, and Minot v. Amundson, 22 N. D. 236, 133 N. W. 551.

In these cases the court was of the opinion that there was a conflict between what is now § 2165, Compiled Laws of 1913 and § 3646, Compiled Laws of 1913. In the Lewis Case, supra, 18 N. D. on page 392, 121 N. W. 836, the court said: "In so far as the latter section confers upon the county board the power of acting on individual assessments is concerned, it conflicts with the other section, but, to the extent that it deals with personal property assessments of individuals who are residents, it is in harmony therewith."

In the case of Minot v. Amundson, supra, the court said: "Section 1553 (now § 2165 of the Compiled Laws of 1913) . . . relating to revenue and taxation, . . . on its face permits the board of county commissioners to abate real or personal taxes illegally, unjustly or erroneously assessed. Section 2722 is a part of the chapter relating to cities, but contains a prohibition against the county commissioners changing any individual assessment, other than as such a change may be effected by equalizing classes throughout the county, and requires the board of county commissioners to accept the assessment as equalized by the city board. These provisions as indicated appear to be in direct conflict."

In 1917 the legislature, apparently having these decisions in mind,

amended and re-enacted §§ 2165 and 3646, Compiled Laws of 1913, chapter 227, laws of 1917. Section 2165, as amended, provides that the application and all records or a certified copy thereof be filed with the tax commissioner and such abatement and reduction shall also receive the favorable approval of the tax commissioner. To § 3646, as amended and re-enacted, was added thereto "But no individual assessment shall be otherwise changed" except upon compliance with § 2165 of this Code. Section 2165 gives to the county commissioners power to rebate taxes *when sitting as a board of county commissioners.* Section 3646 relates to the action of the Board of Equalization and it is clear that the amendments were intended to harmonize the two sections and make it clear that the board of county commissioners had authority to entertain at any time an application for the abatement of taxes when sitting as a board of county commissioners, but when sitting as a board of equalization they might increase or diminish the valuation placed upon any class of property so as to make all valuations uniform with the valuation of the same class of property throughout the county, but the board of equalization could not change an individual assessment. Its duty and power as an equalizing board is to equalize and raise and lower by class.

In the case of Hughes Electric Co. v. Burleigh County, 53 N. D. 728, 207 N. W. 997, in the decision as expressed in paragraph three of the syllabus, which is quoted in appellant's brief, "It is held, the board of county commissioners sitting as a board of equalization, has no power to raise or change an individual assessment in a taxing district, having a board of review, where the latter has reviewed and equalized the assessment of the taxpayers in such taxing district other than as a change may be effected by equalizing classes of property of the same class throughout the county."

In the Hughes Electric Co. Case the county commissioners *sitting as a board of equalization* arbitrarily increased an individual's taxes. This it could not do as the *only power given to a Board of Equalization* under the statute is to increase or diminish the valuation on any class of property and the board is expressly prohibited from changing an individual assessment. The Hughes case defines clearly the duties of the board of equalization and the board of county commissioners,

when sitting as county commissioners. 53 N. D. 734, 735, 207 N. W. 997.

In the instant case the county commissioners had authority to abate the taxes of the defendant, Anna Stark, and the abatement is legal as approved by the tax commission.

There is no merit in the appellant's contention that the respondent is not entitled to abatement because she did not protest the assessment. The law does not require a protest, as stated in the Hughes Case, supra, "The county commissioners are the business managers of the county and in the light of § 2165 Compiled Laws of 1913 as amended by chapter 227, Session Laws of 1917 and chapter 118, laws of 1921 it is clear that the legislature has provided a summary remedy for the annulment or abatement of illegal or unjust assessments in whole or in part."

It is also the contention of the appellant that chapter 227 of the laws of 1917 is unconstitutional, first: that it embraces more than one subject and that such subject is not expressed in its title.

Counsel does not show in what way the act offends against Section 61 of the Constitution. He simply states the conclusion "that the act embraces more than one subject and that such subject is not expressed in its title and that the principles of construction applicable to § 61 of the Constitution are fully set forth in State ex rel. Poole v. Peake, 18 N. D. 101, particularly pages 105 and 106, 120 N. W. 47." In that case the court said: "(1) The law will not be declared unconstitutional on account of the defect pointed out in the title, unless it is clearly so. (2) The title will be liberally construed, and not in a strict or technical manner. (3) If the provisions of the act are germane to the expressions of the title, the law will be upheld. (4) Conflict with the constitutional provision must be clear and palpable, and, in case of doubt as to whether the subject is expressed in the title, the law will be upheld." On page 107, 18 N. D., 120 N. W. 47, 49, the court says: "The title should be construed in the light of the evident object and purpose of the act. Any provision of the act which operates to further the general purpose expressed in the title will be held to be germane to it."

The title of the act is "An act to Amend and Re-enact §§ 2165 and 3646 of the Compiled Laws of the State of North Dakota for the year 1913 Relating to Revenue and Taxation and the Abatement of Taxes."

Two sections of the Compiled Laws of 1913 are amended and both relate to revenue and taxation. Both are germane to the subject of revenue and taxation. The constitution treats revenue and taxation as one subject in Article 11, which is entitled "Revenue and Taxation." Taxes are levied and assessed for the purpose of raising revenue. Webster's Dictionary defines revenue as "The annual or periodical yield of taxes, excise, custom, duties, rents, etc., which a nation, state or municipality collects and receives into the treasury for public use; public income of whatever kind."

The subject matter of both sections relates to revenue and taxation and is germane to the subject matter as expressed in the title of the act and of the sections which they purport to amend and the titles of the original acts from which they are taken are broad enough to include both sections in either act. School Dist. v. King, 20 N. D. 614, 127 N. W. 515; State v. Fargo Bottling Works, 19 N. D. 396, 26 L.R.A. (N.S.) 872, 124 N. W. 387.

The judgment is affirmed.

Christianson, Ch. J., and Birdzell, Nuessle and Burr, JJ., concur.